| | |
|---|---|
| 1 | GOODIN, MACBRIDE, SQUERI, DAY & LAMPREY, LLP |
| 2 | WAYNE T. LAMPREY, State Bar No. 095408 |
|   | ANNE H. HARTMAN, State Bar No. 184556 |
| 3 | 505 Sansome Street, Suite 900 |
|   | San Francisco, California 94111 |
| 4 | Telephone: (415) 392-7900 |
|   | Facsimile: (415) 398-4321 |
| 5 | |
| 6 | PHILLIPS & COHEN, LLP |
|   | ERIC R. HAVIAN, State Bar No. 102295 |
| 7 | 131 Steuart Street, Suite 501 |
|   | San Francisco, CA 94105 |
|   | Telephone: 415.836.9000 |
| 8 | Facsimile: 415.836.9001 |

Attorneys for Plaintiff-Relator

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA ex rel. [Under Seal], | No. CV10 7409 PA AJWx |
|---|---|
| Plaintiffs, | COMPLAINT FOR VIOLATIONS OF THE FALSE CLAIMS ACT |
| v. | [FILED UNDER SEAL PURSUANT TO 31 U.S.C. § 3730(b)(2)] |
| [Under Seal] | |
| Defendant. | |

COMPLAINT FOR VIOLATIONS
OF THE FALSE CLAIMS ACT

GOODIN, MACBRIDE, SQUERI, DAY & LAMPREY, LLP
WAYNE T. LAMPREY, State Bar No. 095408
ANNE H. HARTMAN, State Bar No. 184556
505 Sansome Street, Suite 900
San Francisco, California 94111
Telephone: (415) 392-7900
Facsimile: (415) 398-4321

PHILLIPS & COHEN, LLP
ERIC R. HAVIAN, State Bar No. 102295
131 Steuart Street, Suite 501
San Francisco, CA 94105
Telephone: 415.836.9000
Facsimile: 415.836.9001

Attorneys for Plaintiff-Relator

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* [Under Seal],<br><br>Plaintiffs,<br><br>v.<br><br>[Under Seal]<br><br>Defendant. | No.<br><br>**COMPLAINT FOR VIOLATIONS OF THE FALSE CLAIMS ACT**<br><br>[FILED UNDER SEAL PURSUANT TO 31 U.S.C. § 3730(b)(2)] |

GOODIN, MACBRIDE, SQUERI, DAY & LAMPREY, LLP
WAYNE T. LAMPREY, State Bar No. 095408
ANNE H. HARTMAN, State Bar No. 184556
505 Sansome Street, Suite 900
San Francisco, California 94111
Telephone: (415) 392-7900
Facsimile: (415) 398-4321

PHILLIPS & COHEN, LLP
ERIC R. HAVIAN, State Bar No. 102295
131 Steuart Street, Suite 501
San Francisco, CA 94105
Telephone: 415.836.9000
Facsimile: 415.836.9001

Attorneys for Plaintiff-Relator
Mario Rizzo

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA *ex rel.* Mario RIZZO, | No. |
|---|---|
| Plaintiffs, | **COMPLAINT FOR VIOLATIONS OF THE FALSE CLAIMS ACT** |
| v. | **[FILED UNDER SEAL PURSUANT TO 31 U.S.C. § 3730(b)(2)]** |
| HORIZON LINES, LLC, a Delaware Limited Liability Company, MATSON NAVIGATION COMPANY, INC., a Hawaii Corporation, PASHA HAWAII TRANSPORT LINES, LLC | |
| Defendant. | |

Plaintiff Mario Rizzo, in his capacity as a Relator ("Relator"), files this Complaint against defendants and alleges as follows:

## INTRODUCTION

1. This action is brought on behalf of the United States pursuant to the False Claims Act, 31 U.S.C. sections 3729, et seq. (hereinafter "the Act").

2. This action concerns false and fraudulent claims for payment that the defendants submitted and caused to be submitted to the Department of Defense

1 ("DoD"), specifically the Surface Deployment and Distribution Command ("SDDC"), which oversees the shipment of personal property of members of the United States Armed Forces and civilian employees of the DoD ("military household goods"). The defendants routinely submitted false and fraudulent claims for payment to DoD and submitted false reports and made false statements Specifically, and as more fully described below, defendants submitted false claims for payment by claiming a "fuel surcharge" for ocean freight when they had not, in fact, shipped military household goods by ocean freight. Instead, the military household goods had been shipped overland by rail, in which case a fuel surcharge was expressly forbidden, or by truck, in which case a fuel surcharge was strictly limited to a level far below that charged by defendants.

3. Relator brings this action on behalf of the United States pursuant to the "qui tam" provisions of the Act. Those provisions allow and empower individuals with knowledge of violations of the Acts to file suit on behalf of the government, and, to encourage individuals to do so, provide that these individuals are to share in any resulting recovery.

4. Relator estimates that the government has sustained damages as a result of the violations alleged below in excess of $2 million per year, before imposition of lawful penalties, including trebling pursuant to the Acts, and excluding penalties.

## PARTIES

5. Relator is an individual and a resident of Illinois.

6. Plaintiff United States of America is acting on behalf of the Department of Defense, Surface Deployment and Distribution Command ("SDDC"), formerly known as Military Traffic Management Command. During the relevant time period, SDDC has had its headquarters in Alexandria, Virginia and at Scott Air Force Base, Illinois.

COMPLAINT FOR VIOLATIONS
OF THE FALSE CLAIMS ACT

-3-

7. Defendant Horizon Lines, LLC ("Horizon"), is a limited liability corporation organized and operating under the laws of the State of Delaware with its principal place of business in Charlotte, North Carolina.

8. Defendant Matson Navigation Company, Inc. ("Matson"), is a corporation organized and operating under the laws of the State of Hawaii with its principal place of business in Oakland, California.

9. Defendant Pasha Hawaii Transport Lines, LLC ("Pasha") is a limited liability company organized and operating under the laws of the State of California with its principle place of business on Corte Madera, California.

10. Defendants Horizon, Matson, and Pasha are referred to herein collectively as "Defendants."

## JURISDICTION AND VENUE

11. This court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 31 U.S.C. § 3732 (federal court jurisdiction for actions brought pursuant to 31 U.S.C. § 3730).

12. Venue is proper in this district pursuant to 31 U.S.C. § 3732(a), because Defendant(s) transact business, including shipping goods through this District as alleged in this complaint, and under 28 U.S.C. 1391(b) and 1395(a).

## ALLEGATIONS COMMON TO ALL CLAIMS

13. The DoD, through the U.S. Transportation Command, and its subordinate military command, SDDC, contracts for the transportation of military household goods internationally, including between, on the one hand, Hawaii and Guam and, on the other hand, the continental United States.

14. SDDC establishes the prices and terms for moving military service members and DoD civilian employees through a competitive bidding process. SDDC issues solicitations for transportation rates for traffic channels that require that household goods carriers and household goods freight forwarders provide door-

COMPLAINT FOR VIOLATIONS
OF THE FALSE CLAIMS ACT
-4-

to-door transportation services for shipments of military household goods under a government through bill of lading. The rates filed for such "door-to-door" service are commonly known as "through rates," that is, the overall rate that applies to a given traffic channel on a government through bill of lading.

15. Qualified household goods carriers, and/or household goods freight forwarders, referred to in this Complaint as "carriers" or "freight forwarders," are U.S. companies that are authorized to transport household goods and to file transportation "through rates" in response to rate solicitations issued by SDDC.

16. Each shipment of military household goods may be comprised of as many as five steps. A move from Hawaii to the Eastern United States can involve the following different transportation services performed by:

    a. Local Hawaii moving and storage companies to get the freight from the service member's location to the port in Honolulu;

    b. Honolulu port agent services;

    c. ocean transport services;

    d. mainland port agent services, and

    e. mainland moving and storage companies to get the freight from the port to the delivery point at the service member's new location.

17. All ocean transport of military household goods between Hawaii and/or Guam and the continental United States must be performed by "Jones Act" carriers, those meeting the requirements of the Jones Act, 46 U.S.C. § 101 et seq., that all freight be carried on vessels registered under the United States flag, constructed in the United States, owned and operated by domestic companies, and predominantly crewed by U.S. citizens.

18. Defendants each operate "Jones Act" fleets, and, indeed, are the only companies doing so in the Pacific market. Horizon and Matson collectively handle
COMPLAINT FOR VIOLATIONS
OF THE FALSE CLAIMS ACT
-5-

96% of the Jones Act trade between the west coast of the continental United States and Hawaii (Pasha handles the remainder) and 100% of the trade between the west coast and Guam.

19. The "through rates" bid through this process do not include certain surcharges, including "fuel surcharges" often imposed by ocean carriers and overland transportation companies on their customers. These surcharges was originally designed to compensate carriers for higher than expected fuel costs.

20. Defendants have policies and are in the practice of imposing a "fuel surcharge," often referred to as a "bunker service charge" ("BSC") or similar name, in reference to the "bunker fuel" used on ships, in addition to their ocean transportation rates. The BSC can add more than 25% to the published rates.

21. While not part of the "through rates," the United States states that it will pay lawful BSCs on SDDC shipments when those surcharges are billed to the freight forwarder by an ocean carrier such as Defendants. Such charges are required to be separately stated on the ocean carrier's invoices, which are required to be submitted to the government by the freight forwarder for payment.

22. The SDDC treats fuel surcharges on overland transportation much differently than fuel surcharges on ocean transportation. It bars fuel surcharges on rail transportation entirely. With respect to truck transportation, SDDC regulations, TR-12, limit fuel surcharges based on the amount by which the national average diesel fuel price published by the Department of Energy (DOE) Energy Information Administration (EIA) for the time period of the shipment exceeds a baseline. The fuel surcharge authorized by TR-12 must be "clearly show[n] on all paper and electronic commercial freight bills and Bills of Lading and invoices. The amount of any diesel fuel rate surcharge must be shown as a separate line item on the carrier's invoice."

23. Defendants transport defense personal property from Hawaii and
COMPLAINT FOR VIOLATIONS
OF THE FALSE CLAIMS ACT
-6-

1  Guam to the continental United States. However, none has ships that travel to East
2  or Gulf Coast ports; their ships operate exclusively in the Pacific Ocean. This does
3  not mean, however, that Defendants only provide ocean services for SDDC
4  shipments to Pacific ports. To the contrary, Defendants bid on through rates for
5  channels between Hawaii and Guam, on the one hand, and the Eastern and Southern
6  United States, on the other hand. Because their ships do not leave the Pacific
7  Ocean, they accomplish the shipment by moving the SDDC freight in part over
8  land. In the hypothetical move from Schofield Barracks to Fort Benning, for
9  example, Defendants would take possession of the personal property at the port in
10 Honolulu, ship it by ocean to a west coast port such as Long Beach, and, from
11 there, transport it by train or truck to the east coast. Despite the fact that the
12 shipment in question has moved by land as much or as more by ship, and despite
13 the fact that fuel surcharges are prohibited or limited for such overland shipments,
14 Defendants impose their applicable <u>ocean</u> fuel surcharge on the <u>entire</u> journey.

15    24.    Defendants submitted claims for their unlawful fuel surcharges in the
16 forms of bills of lading or freight bills to the applicable freight forwarder handling
17 the entire shipment. As set forth above, these bills of lading, reflecting the fuel
18 surcharge amounts, were required by SDDC regulations, and Defendants knew that
19 these claims would be paid by the Department of Defense. The Defendants had
20 special rates applicable to SDDC shipments, and their freight bills are plainly
21 marked as involving "DOD-SPONSORED" shipments.

22    25.    Defendants claims for a fuel surcharge that is applicable only to ocean
23 transportation for transportation that Defendants actually provided over land are
24 plainly false and fraudulent in that applicable regulations expressly prohibit
25 surcharges in the amounts claimed by Defendants for land transportation.
26 Defendants are claiming fuel surcharge amounts to which they are not entitled.

27    26.    Defendants created false and fraudulent freight bills for presentment to
28 the United States to induce payment of unlawful and excessive fuel surcharge.

COMPLAINT FOR VIOLATIONS
OF THE FALSE CLAIMS ACT
-7-

Nowhere on Defendants' freight bills do Defendants indicate that the freight moved over land. To the contrary, the only form of transportation actually identified on the freight bills is the ocean transportation, complete with vessel name and voyage number. No information at all, let alone such detailed information, is set forth regarding the overland journey.

27. The United States and the DoD have been damaged as a result of Defendants' illegal conduct in that they have overpaid by paying the higher bunker fuel surcharge rates on overland transportation that would, had it been properly described, been subject to a much lower, or no, overland fuel surcharge.

28. Relator estimates that the damages to the government are well in excess of $2 million per year.

29. Further information and evidence concerning the Defendants' fraudulent practices and violations of the Acts are within the Defendants' exclusive control and unavailable to Relator.

## CLAIMS FOR RELIEF

### Count 1

Submitting False Claims in Violation of the False Claims Act,
31 U.S.C. section 3729(a)(1)(A)

30. The allegations contained in paragraphs 1 through 29 are incorporated by reference as if fully set forth herein.

31. Through the acts described above, Defendants knowingly presented, or caused to be presented, to the United States, false or fraudulent claims for payment or approval.

Wherefore, Relator prays for relief as set forth below.

### Count 2

Making False Records to Material to a False or Fraudulent Claim in Violation of the False Claims Act,
31 U.S.C. section 3729(a)(1)(B)

32. The allegations in paragraphs 1 through 31 are incorporated by

reference as if fully set forth herein.

33. As set forth above, the Defendants knowingly made, used, or caused to be made or used, a false record or statement material to a false or fraudulent claim to the United States.

Wherefore, Relator prays for relief as set forth below.

### Count 3

Conspiring to Violate the False Claims Act,
31 U.S.C. section 3729(a)(1)(C)

34. The allegations in paragraphs 1 through 33 are incorporated by reference as if fully set forth herein.

35. The Defendants conspired to defraud the United States by getting false and fraudulent claims allowed and paid.

Wherefore, Relator prays for relief as set forth below.

### RELIEF REQUESTED

36. Relator prays for judgment against the Defendants, and each of them, as follows:

    a. For damages in an amount equal to three times the amount of the damages the United States has sustained as a result of the Defendants' unlawful conduct;

    b. For civil monetary penalties for each false and fraudulent claim submitted to the United States;

    c. For a permanent injunction, enjoining the Defendants from violating the federal False Claims Act;

    d. For Relator's attorneys' fees and costs;

    e. For an order awarding the Relator the maximum award allowed by the False Claims Act; and

    f. For such further relief as the Court may deem proper and just.

COMPLAINT FOR VIOLATIONS
OF THE FALSE CLAIMS ACT
-9-

## CLAIM OF RIGHT FOR TRIAL BY JURY

37. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Relator hereby demands a trial by jury.

Dated: October 1, 2010

GOODIN, MACBRIDE, SQUERI, DAY & LAMPREY, LLP

PHILLIPS & COHEN, LLP

By _____
Wayne T. Lamprey
Attorneys for Plaintiff-Relator Mario Rizzo

3405/001/X113147.v1

COMPLAINT FOR VIOLATIONS
OF THE FALSE CLAIMS ACT

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Percy Anderson and the assigned discovery Magistrate Judge is Andrew J. Wistrich.

The case number on all documents filed with the Court should read as follows:

**CV10- 7409 PA (AJWx)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

---

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] Western Division | [ ] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)   NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

**UNDER SEAL**

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
UNITED STATES OF AMERICA ex rel. [Under Seal]

**DEFENDANTS**
[Under Seal]

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Goodin MacBride Squeri Day & Lamprey, LLC, 505 Sansome Street, Suite 900, San Francisco, CA 94111 (415) 392-7900

**Attorneys (If Known)**

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff    ☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant   ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:    JURY DEMAND:** ☒ Yes   ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No    ☐ **MONEY DEMANDED IN COMPLAINT:** $_____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
31 U.S.C. Section 3730(b)(2)

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE/PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Accommodations | ☐ 630 Liquor Laws | SOCIAL SECURITY |
| ☒ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 640 R.R. & Truck | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | IMMIGRATION | ☐ 445 American with Disabilities - Employment | ☐ 650 Airline Regs | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | REAL PROPERTY | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | | | | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**FOR OFFICE USE ONLY:**   Case Number: _____ CV10 7409

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)    CIVIL COVER SHEET    Page 1 of 2

**UNDER SEAL**    BY FAX

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☐ No ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
                              ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
                              ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
                              ☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
|  | DuPage County, Illinois |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County |  |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
   **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County |  |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____   Date October 4, 2010

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |