GOODIN, MACBRIDE, SQUERI,
DAY & LAMPREY, LLP
Wayne T. Lamprey, Bar No. 095408
   wlamprey@goodinmacbride.com
Anne Hayes Hartman, Bar No. 184556
   ahartman@goodinmacbride.com
505 Sansome Street, Suite 900
San Francisco, California 94111
Telephone: (415) 392-7900
Facsimile: (415) 398-4321

Attorneys for Plaintiff-Relator
Mario Rizzo

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES ex rel. Mario RIZZO,<br><br>    Plaintiff,<br><br>v.<br><br>HORIZON LINES, LLC, et al.,<br><br>    Defendants. | Case No. 10-CV-7409 PA (AJWx)<br><br>**NOTICE OF VOLUNTARY DISMISSAL WITHOUT PREJUDICE** |

## I.   NOTICE OF DISMISSAL

NOTICE IS HEREBY GIVEN that pursuant to Fed. R. Civ. P. 41(a), plaintiff-relator Mario Rizzo ("Plaintiff-Relator") voluntarily dismisses <u>without prejudice</u> the following named defendants, none of whom has served either an answer or a motion for summary judgment in this action:

**A.**   **<u>Defendants Dismissed Without Prejudice ("Dismissed Defendants")</u>**

    AAA SYSTEMS, INC., a Nevada Corporation

    AALCO FORWARDING, INC., a Kansas Corporation

    ABBA INTERNATIONAL, INC., a Washington Corporation

    ACCELERATED INTERNATIONAL FORWARDERS, LLC, an Indiana Limited Liability Company

| | |
|---|---|
| 1 | AIR LAND FORWARDERS, INC., a Florida Corporation |
| 2 | ARPIN INTERNATIONAL GROUP, INC., a Rhode Island Corporation |
| 3 | H&B FORWARDING, INC., D/B/A AXIS INTERNATIONAL, a Maryland Corporation |
| 4 | |
| 5 | BINL, INCORPORATED, a California Corporation |
| 6 | CLASSIC FORWARDING, INC., a California Corporation |
| 7 | COVAN INTERNATIONAL, INC., an Alabama Corporation |
| 8 | CRYSTAL FORWARDING, INC., a California Corporation |
| 9 | DESERET FORWARDING INTERNATIONAL, INC., a Texas Corporation |
| 10 | DEWITT TRANSPORTATION SERVICES OF GUAM, INC., D/B/A DEWITT MOVING AND STORAGE GUAM, a Guam Corporation |
| 11 | DYER INTERNATIONAL, INC., a Hawaii Corporation |
| 12 | FOREMOST FORWARDERS, INC., a California Corporation |
| 13 | JET FORWARDING, INC., a California Corporation |
| 14 | LIFT FORWARDERS, INC., an Oregon Corporation |
| 15 | ROYAL HAWAIIAN MOVERS, INC., a Nevada Corporation |
| 16 | RYAN'S WORLD, INC., a California Corporation |
| 17 | SENATE FORWARDING, INC., a Georgia Corporation |
| 18 | SUDDATH VAN LINES, INC., a Florida Corporation |

**B. "Remaining Defendants"**

For the sake of clarity, please note that the Plaintiff-Relator is not dismissing claims against the following parties, which remain as defendants:

HORIZON LINES, LLC, a Delaware Limited Liability Company

MATSON NAVIGATION COMPANY, INC., a Hawaii Corporation

PASHA HAWAII TRANSPORT LINES, LLC, a California Limited Liability Company

CARTWRIGHT INTERNATIONAL VAN LINES, INC., a Missouri Corporation

**II. POINTS AND AUTHORITIES**

This action was filed pursuant to the *qui tam* provisions of the federal False

Claims Act, 31 U.S.C. §3730(b), and as such was originally filed under seal for 60 days, with the seal period extended a number of times on the request of the United States. Id. at §3730(b)(2), (3). During the seal period, no service was made on defendants. Id. at §3730(b)(2). On May 10, 2013, the United States gave notice that it was declining to intervene in the action. On May 15, 2013, this Court entered an Order re United States' Election to Decline Intervention and Unsealing of Complaint (the "Unsealing Order").

The False Claims Act states that an action brought under it "may be dismissed only if the court and the Attorney General give written consent to the dismissal and their reasons for consenting." 31 U.S.C. §3730(b)(1). The Ninth Circuit has interpreted Section 3730(b)(1) to permit *qui tam* plaintiffs to request dismissals without government consent. "[T]he consent provision contained in § 3730(b)(1) *applies only during the initial sixty-day (or extended) [seal] period.*" United States ex rel. Killingsworth v. Northrop Corp., 25 F.3d 715, 722 (9th Cir. 1994)(emphasis added). Although consent may not be formally required in the Ninth Circuit, the Unsealing Order does state, *inter alia*, that "[s]hould any of the parties propose that this action be dismissed . . . the parties are to provide the United States with notice."

Plaintiff-Relator has provided the United States with notice of this request, as set forth in the proof of service hereto. In addition, prior to making this request, Plaintiff-Relator met and conferred with the United States regarding the proposed dismissal, and has obtained its consent to the dismissal of the above-identified Dismissed Defendants. A written Notice of Consent from the Government is attached as Exhibit A hereto.

So that the court may consider the reasons for the dismissal, Plaintiff-Relator submits that he requests this dismissal to streamline the case, reduce the number of parties and issues, and conserve private and judicial resources. The First Amended Complaint alleges violation s of the False Claims Act related to certain fuel

surcharges imposed by the defendant shipping carriers – Horizon Lines, LLC, Matson Navigation Company, Inc., and Pasha Hawaii Transport Lines, LLC (the "Carrier Defendants"). The Carrier Defendants, as alleged, imposed fuel surcharges on the transport of shipments of military goods overland, chiefly by rail, despite the fact such surcharges were not permitted. The Carrier Defendants created false writings to conceal these prohibited charges. The other defendants, and each of the Dismissed Defendants, are "freight forwarders" who incorporated the fraudulent and inflated billings from the Carrier Defendants in their own billings to the government. As alleged, the Carrier Defendants and the freight forwarder defendants were all aware that the government was being overcharged and conspired to violate the False Claims Act and defraud the government. The damages involved, excluding per claim penalties, however, consist of the prohibited fuel surcharges imposed by the Carrier Defendants. Because the freight forwarder defendants "passed through" the surcharges the Carrier Defendants imposed, dismissal of the freight forwarder defendants does not reduce the damages at issue. For these reasons, the Plaintiff-Relator believes the benefits of streamlining the case and reducing the number of parties – focusing on the Carrier Defendants – is justified and appropriate.

The fourth Remaining Defendant, Cartwright International Van Lines, Inc. ("Cartwright"), is a freight forwarder. Plaintiff-Relator does not seek dismissal as to Cartwright as Cartwright played a central role in putting together the scheme and conspiracy and carrying it out, as reflected in certain e-mails and meeting minutes.

In sum, Plaintiff-Relator has concluded that dismissing claims as to all but one of the freight forwarder defendants, while continuing to pursue claims against the Carrier Defendants, will greatly reduce the number of parties, and conserve the resources required from counsel and the court, but still vindicate fully the public interest. Moreover, as the litigation progresses, if appropriate, and subject to deadlines or requirements the Court may establish, Plaintiff-Relator may seek to

1  amend the complaint to name some or all of the Dismissed Defendants.  Further, to
2  the extent the Remaining Defendants may contend that the Dismissed Defendants
3  have or share liability for the conduct alleged, the Remaining Defendants may seek
4  to name and join the Dismissed Defendants.

5  **III.   CONCLUSION**

6  For the foregoing reasons, Plaintiff-Relator respectfully requests that this
7  Court enter the order submitted herewith, approving the dismissal without prejudice
8  requested by Plaintiff-Relator.

Dated:       June 14, 2013

GOODIN, MACBRIDE, SQUERI,
DAY & LAMPREY, LLP


By:  /s/ Wayne T. Lamprey
   Wayne T. Lamprey
   Attorneys for Plaintiff
   Mario Rizzo

3405/001/X152727.v1