UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-7409 PA (AJWx) | Date | January 23, 2014 |
|---|---|---|---|
| Title | United States ex rel. Rizzo v. Horizon Lines, LLC, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Paul Songco | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS – COURT ORDER

Before the Court is a Motion for Leave to File Third Amended Complaint filed by plaintiff and relator Mario Rizzo ("Relator") (Docket No. 120).  Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument.  The hearing calendared for February 10, 2014, is vacated, and the matter taken off calendar.

According to Relator's Motion and the Court's review of the proposed Third Amended Complaint ("3rd AC"), the proposed 3rd AC adds certain specific facts in support of Relator's third claim for conspiracy to violate the False Claims Act brought pursuant to 31 U.S.C. § 3729(a)(1)(C).  The 3rd AC also drops the references to and claims against Cartwright International Van Lines, Inc. ("Cartwright").  Relator had dismissed the claims against Cartwright on November 12, 2013.  The Court, in denying the Motions to Dismiss the Second Amended Complaint filed by defendants Matson Navigation Company, Inc. ("Matson") and Horizon Lines, LLC ("Horizon"), had previously concluded that the Second Amended Complaint's allegations were sufficient to state a False Claims Act conspiracy claim.

Relator seeks leave to amend pursuant to Federal Rule of Civil Procedure 15(a).  Rule 15 provides for amendment to a party's pleading by leave of the court at any time, and such leave "shall be freely given when justice so requires."  Fed. R. Civ. P. 15(a)(2); <u>DCD Programs, Ltd., v. Leighton</u>, 833 F.2d 183, 186 (9th Cir. 1987) (noting that leave to amend should be granted with "extreme liberality" to "facilitate decision on the merits rather than on pleadings or technicalities").  The Court considers five factors in assessing a motion for leave to amend: "bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint."  <u>Johnson v. Buckley</u>, 356 F.3d 1067, 1077 (9th Cir. 2004).  "Absent prejudice, or a strong showing of any of the remaining . . . factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend."  <u>Eminence Capital, LLC v. Aspeon, Inc.</u>, 316 F.3d 1048, 1052 (9th Cir. 2003).

Here, Relator's proposed 3rd AC does not add any new legal theories.  Instead, Relator seeks to add additional factual allegations to support Relator's existing claims.  The new allegations are derived from information provided to Relator by defendants in response to discovery requests propounded by Relator.  Because the 2nd Amended Complaint provided Matson and Horizon with sufficient notice of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-7409 PA (AJWx) | Date | January 23, 2014 |
|---|---|---|---|
| Title | United States ex rel. Rizzo v. Horizon Lines, LLC, et al. | | |

the claims alleged against them, and the proposed 3rd AC does not change the nature of those claims, there is no good reason for the filing of the 3rd AC. It is simply unnecessary for a plaintiff in federal court to amend a complaint to include information obtained through discovery when the operative complaint already satisfies the requisite pleading standards.

      The Court additionally notes that Relator's Motion violates Local Rule 7-3, which requires that a moving party provide engage in a conference of counsel at least 10 days prior to filing this type of motion. Here, Relator did not provide the required notice. Although Relator explains that he only received the information he seeks to include in the proposed 3rd AC on January 9, 2014, and had to file this Motion no later than January 13, 2014, to comply with the Scheduling Order that established February 10, 2014, as the last date for a hearing on a motion to amend the pleadings, the remedy for that dilemma was to either seek shortened time for the motion or an extension of the cutoff, not to ignore the requirements of Local Rule 7-3.

      For all of the foregoing reasons, the Court denies Relator's Motion for Leave to File Third Amended Complaint.

      IT IS SO ORDERED.